UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELOIS ELAINE MORRIS,

    Plaintiff,

v.                                                               Case. No. 13-14089
                                                               Hon. Lawrence P. Zatkoff
COMMISSIONER OF SOCIAL           Mag. Judge Mona K. Majzoub
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 3, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I.  INTRODUCTION

Plaintiff filed this action challenging Defendant's denial of Plaintiff's application for Disability Insurance Benefits under the Social Security Act [dkt. 1]. This matter currently comes before the Court on the Magistrate Judge's Report and Recommendation [dkt. 15], in which the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [dkt. 10] be denied, and Defendant's Motion for Summary Judgment [dkt. 13] be granted. Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation [dkt. 16]. Defendant filed no response.

The Court has thoroughly reviewed the court file, the respective motions, the Report and Recommendation and Plaintiff's objections. For the reasons discussed below, the Court

ADOPTS the Magistrate Judge's Report and Recommendation. Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED. The Court will, however, briefly address Plaintiff's objections.

## II. LEGAL STANDARD

The Court examines the decision of an Administrative Law Judge ("ALJ") to determine if the correct legal standard was used and if the findings are supported by substantial evidence. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The ALJ's decision "is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether the Commissioner's decision is supported by substantial evidence, the Court must examine the administrative record as a whole. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam). The Court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision was supported by substantial evidence and decided under the correct legal standard, the Court must affirm the Commissioner's decision, even if substantial evidence also supports the claimant's position or the Court would have decided the case differently. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

## III. ANALYSIS

Plaintiff raises several objections to the Magistrate Judge's Report and Recommendation. Plaintiff objects to: 1) the weight given to the opinions of Plaintiff's treating psychiatrist, 2) the

Residual Functional Capacity ("RFC") decision made by the ALJ, and 3) the ALJ's determination on Plaintiff's credibility. Plaintiff asserts that the Magistrate Judge failed to make any finding on whether it was proper for the ALJ to give less than controlling weight to the opinions of Plaintiff's treating psychiatrist. Plaintiff alleges the ALJ failed to give good reasons for "entirely rejecting" the opinions of the treating psychiatrist, failed to explain why the treating psychiatrist's opinions are not controlling, and failed to identify any substantial evidence contradicting the treating psychiatrist's opinions. Plaintiff next asserts that it is unclear what medical and non-medical evidence the ALJ relied upon in determining the RFC for Plaintiff, instead alleging the ALJ summarily cites only to "the evidence of record." Finally, Plaintiff argues the ALJ failed to give "a single good reason" for finding Plaintiff's testimony was not credible.

It is clear to the Court that the Magistrate Judge and the ALJ satisfactorily considered all of Plaintiff's current objections prior to coming to their respective decisions. Although Plaintiff suggests the ALJ skipped an analytical step in considering whether the opinions of Plaintiff's treating psychiatrist should be given controlling weight, this argument is misplaced.[1] Additionally, the Court finds the ALJ and Magistrate Judge did not "entirely reject" the opinion of Plaintiff's treating psychiatrist, instead determining substantial evidence in the record indicated these opinions were due only "some weight." Further, the ALJ provides significant discussion of the medical facts and nonmedical evidence she relied upon in reaching her RFC finding, concluding only after such careful consideration that "in sum, the above residual functional capacity assessment is supported by the evidence of record." *See* Dkt. 8, p. 34–38.

---

[1] As established by 20 C.F.R. § 404.1527(c), "[u]nless [ALJ's] give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion." Thus, Plaintiff's argument that the factors the ALJ considered are not relevant until the ALJ gives "appropriate reasons" for giving a treating psychiatrist's opinion less than controlling weight is incorrect.

Finally, all the objections Plaintiff raises regarding the ALJ's credibility determination were adequately addressed both by the ALJ and the Magistrate Judge. It is clear to the Court that the Magistrate Judge did not ignore any of these varied objections in crafting his Report and Recommendation, that the ALJ used the correct legal standard in coming to his decision, and that substantial evidence exists in the record to support the ALJ's ruling.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Court ADOPTS the Magistrate Judge's Report and Recommendation [dkt. 15]. Plaintiff's Motion for Summary Judgment [dkt. 10] is DENIED and Defendant's Motion for Summary Judgment [dkt 13] is GRANTED.

IT IS SO ORDERED.

Date: December 3, 2014

s/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE